**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

INTEL CORPORATION, a Delaware corporation,

Plaintiff,

v.

INTRUITY CORPORATION, a Florida corporation,

Defendant

Case No. 2:16-cv-804-SPC-MRM

**INTEL CORPORATION'S RESPONSE IN OPPOSITION TO DEFENDANT INTRUITY CORPORATION'S SECOND AMENDED MOTION TO DISMISS**

Plaintiff Intel Corporation ("Intel") hereby opposes the Second Amended Motion to Dismiss ("Second Amended Motion") filed by Defendant Intruity Corporation ("Intruity").

## INTRODUCTION

Third time is not the charm for Intruity. Despite three opportunities to file a motion to dismiss, Intruity again submits a motion that is procedurally improper and substantively meritless.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a pleading, i.e., whether a complaint meets the pleading standards set forth by the Federal Rules of Civil Procedure. Intel pleads facts which, if proven, plausibly and readily entitle it to relief. Its Complaint is more than sufficient.

Additionally, Intruity's motion contains multiple deficiencies, including:

- Filing its Answer prior to filing its pending motion, precluding Intruity's ability to then bring its Second Amended Motion under F.R.C.P. 12(b)(6).
- Filing a Second Amended Motion that is again largely plagiarized, despite the Court's February 16, 2017 Order requiring Intruity to "craft its own motions without plagiarizing."[1]
- Referencing attached exhibits throughout its Second Amended Motion, yet not filing or serving any of these exhibits, nor any declarations authenticating these exhibits;
- Seeking to dismiss a well pleaded Complaint based on a legal theory (lack of distinctiveness/genericness) that is not appropriate for a Motion to Dismiss.
- Failing to address Intel's dilution causes of action contained in the Complaint's third and fourth claims. Intruity seeks to dismiss Intel's entire Complaint by arguing only the ultimate merits of Intel's first and second claims.

For these reasons, Intel respectfully requests that the Court reject Intruity's incorrect, untimely, and unsupported arguments, and deny the Second Amended Motion.

**ANALYSIS**

Intruity filed its Answer prior to filing its Second Amended Motion. A Rule 12(b)(6) motion cannot be filed after an Answer. If the Court decides to entertain Intruity's motion, it must therefore construe the motion as a Rule 12(c) motion for judgment on the pleadings, as in *Hogan v. Provident Life & Acc. Ins. Co.*, No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at *3 (M.D. Fla. July 20, 2009).

[1] *See* Doc. 19; First Amended Motion to Dismiss, pp. i–ii (admitting to plagiarism). Little has changed regarding the substance of Intruity's Second Amended Motion in comparison to its original Motion to Dismiss. For example, Intruity's Second Amended Motion again cites primarily Ninth Circuit authority, and no Eleventh Circuit authority (including but not limited to the Ninth Circuit test for infringement, as opposed to the Eleventh Circuit's test).

The standard of review for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion. *Id.* For the sake of consistency with Intruity's motion, Intel refers to Rule 12(b)(6) in this opposition.

**1. Legal Standard for Rule 12(b)(6) Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of a complaint; it does not decide the merits of the claims. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Beeline Entm't Partners, Ltd. v. Cty. of Orange*, 243 F. Supp. 2d 1333, 1336 (M.D. Fla. 2003).

A complaint is sufficient if it gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. Pro. 8. Each claim must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"In ruling on a motion to dismiss for failure to state a claim, the district court must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff." *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). A plaintiff is not required to prove its case in its Complaint. *See Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278, 291 (4th Cir. 2012) ("*Iqbal* and *Twombly* do not require a plaintiff to prove his case in the complaint."). Therefore, "[w]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations

or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563; *see also OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) ("the plaintiff's failure to prove the case on the pleadings does not warrant dismissal").

**2. Intel Properly Pleads Its Claims for Trademark Infringement, False Designation of Origin, and Unfair Competition**

To adequately plead its claims under Counts I, II and V of the Complaint, Intel must allege facts showing that (1) it has rights in the name or mark at issue and (2) Intruity adopted a name or mark that is confusingly similar, such that consumers are likely to assume that there is some association or affiliation between the two. *See* 15 U.S.C. § 1114(a); *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1375–76 (M.D. Fla. 2008). Intel's Complaint more than adequately alleges such facts.[2]

a. *Intel's rights in the INTEL marks*

Intel alleges sufficient facts supporting its right to use the INTEL name and mark. Specifically, Intel alleges that it is "the owner of numerous U.S. trademark registrations for the mark INTEL®[,] . . . INTEL INSIDE[, and] . . . INTEL formative marks" as well as common law rights in those marks. Complaint, ¶¶ 13, 15–17, Exs. A–EE. Intruity does not contest Intel's ownership of the marks or its right to use and enforce the marks.

*b. Likelihood of Confusion*

Intel has alleged sufficient facts that, when taken as true and construed in the light

[2] For purposes of this motion, the legal standard for trademark infringement, false designation of origin, and unfair competition under Florida common law are essentially the same. *See Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1475 n.3 (11th Cir. 1991); *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012).

most favorable to Intel, support a finding of likelihood of confusion. Likelihood of confusion is determined by analysis of a number of factors, including: (1) the strength of the plaintiff's mark; (2) the similarity between the plaintiff's mark and the allegedly infringing mark; (3) the similarity between the products and services offered by the plaintiff and defendant; (4) the similarity of the sales methods; (5) the similarity of advertising methods; (6) the defendant's intent; and (7) actual confusion. *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1514 (11th Cir. 1984).[3]

Intel alleges that:

- Its INTEL marks are strong. *See* Complaint, ¶ 13 (noting that many of Intel's registrations for its INTEL marks are incontestable); *see also HBP, Inc. v. Am. Marine Holdings, Inc.*, 290 F. Supp. 2d 1320, 1329 (M.D. Fla. 2003) ("[O]nce a mark is incontestable, . . . its validity cannot be attacked on the basis that it is merely descriptive and not worthy of trademark protection.").
- AGENCYINTEL is quite similar to the INTEL marks. *See, e.g.*, Complaint, ¶ 24 ("AGENCYINTEL wholly incorporates the INTEL® mark, adding only the descriptive word 'Agency.' Intruity further emphasizes the INTEL® mark through selective capitalization and use of bold font[.]"); *see also* Second Amended Motion, pp. 5 ("[T]he defendant has incorporated the word 'intel' into the compound phrase AGENCYINTEL."), 21 ("[I]t is beyond dispute that defendants [sic] are using the word 'intel,' which is spelled and pronounced

[3] Intruity's motion cites to the inapplicable Ninth Circuit balancing test for likelihood of confusion.

exactly as the INTEL trademark."); *see also Frehling Enterprises, Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1337 (11th Cir. 1999) (finding BELL' OGGETTI confusingly similar to OGGETTI because the dominant portion of both marks was OGGETTI; BELL' OGGETTI "entirely encompasse[d]" OGGETTI; and "merely add[ing] a descriptive adjective 'BELL' meaning 'beautiful' to the dominant portion of the mark" did not avoid likelihood of confusion).

- Intel's products and services and Intruity's products and services are similar and are offered to the same type of customers through similar advertising channels. *See, e.g.*, Complaint, ¶¶ 8 ("Intel . . . develops, manufactures and sells a wide variety of computer, hardware, software, online services, and software development services, including enterprise software and services."), 11 ("Intel also provides a wide assortment of products and services under its INTEL mark to enable and improve software as a service, including solutions that optimize data storage and analysis for many industries, including but not limited to insurance agencies."), 21 ("Intruity offers software goods, online services, and software development services under the trademark and trade name AGENCYINTEL."), 23 ("Intruity filed United States Trademark Application No. 86574405 for AGENCYINTEL with "Software as a service (SAAS) services featuring customer relationship management software (CRM) for use by insurance agencies."). Despite Intruity's claims to the contrary, it is not necessary for Intel to allege (or ultimately establish) that the

parties directly compete. "[I]t is well settled that relief from trademark infringement is not predicated on a finding of direct competition between the products or services." *HMH Pub. Co. v. Turbyfill*, 330 F. Supp. 830, 833 (M.D. Fla. 1971). "[C]onfusion, or the likelihood of confusion, not competition, is the real test of trademark infringement. Direct competition between the parties is not a prerequisite to relief under the Lanham Act." *Babbit Elecs., Inc. v. Dynascan Corp.*, 828 F. Supp. 944, 955 (S.D. Fla. 1993), *aff'd*, 38 F.3d 1161 (11th Cir. 1994) (quotations and citations omitted).

- Intruity adopted and attempted to register the AGENCYINTEL mark with ill intent. *See, e.g.*, Complaint, ¶¶ 9 ("For over forty-five years, Intel has used INTEL® as a tradename, trademark and service mark . . . .), 27 ("Defendant was aware of Intel's business and its INTEL® mark prior to the adoption and use of AGENCYINTEL."), 28 ("Defendant either had actual notice and knowledge, or had constructive notice, of Intel's ownership and registrations of the INTEL® mark pursuant to 15 U.S.C. § 1072 prior to their adoption and use of AGENCYINTEL"), 23 ("On March 24, 2015, after receipt of written notice of Intel's express objections to Intruity's use of AGENCYINTEL, Intruity filed United States Trademark Application No. 86574405 for AGENCYINTEL[.]") (emphasis in original); *see also* Answer, ¶ 23 (admitting allegations of Paragraph 23 of Intel's Complaint).

These facts, taken as true and construed in the light most favorable to Intel, plausibly state claims for trademark infringement, false designation of origin, and unfair

competition.

Intruity's arguments and unsupported legal conclusions that Intel's claims are not "plausible" (i.e., facially plausible) are in truth simply assertions as to how Intruity perceives Intel's likelihood of success on the merits. Intruity's contentions seek to dispute the merits of Intel's complaint, not its sufficiency, and thus are outside the permissible scope of a motion to dismiss or a motion for judgment on the pleadings. Intel vigorously disagrees with Intruity's assessment, but Intruity's arguments are premature. They do not entitle Intruity to relief on a motion to dismiss.

**3. Intel Properly Pleads Its Claims for Trademark Dilution**

Intruity did not submit any argument about Intel's dilution claims (Counts III and IV) in its Second Amended Motion to Dismiss. Intruity has thus waived its arguments, and failed to meet its burden, regarding these Counts. However, should the Court find that a determination regarding the sufficiency of Intel's dilution claims is necessary, Intel submits the following:

Dilution by blurring is "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B); *see also* Fla. Stat. § 495.151 (dilution occurs when "there exists a likelihood . . . of dilution of the distinctive quality" of a mark or trade name). To state a claim for trademark dilution, Intel must plead that (1) its INTEL and INTEL-formative marks are famous; (2) Intruity adopted the marks after the marks became famous; (3) Intruity diluted the mark; and (4) Intruity's use is commercial and in commerce." *Portionpac Chem. Corp. v. Sanitech Sys., Inc.*, 217 F. Supp. 2d 1238, 1250–51 (M.D.

Fla. 2002); *see also Rain Bird Corp. v. Taylor*, 665 F. Supp. 2d 1258, 1267 (N.D. Fla. 2009) ("The legal standards under the federal and Florida anti-dilution statutes are the same."). Intel has sufficiently pled a cause of action for dilution.

*a. <u>Fame of the INTEL mark</u>*

The fame of a mark may be determined by considering factors such as "(i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties. (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark. (iii) The extent of actual recognition of the mark. (iv) Whether the mark was registered . . . on the principal register." 15 U.S.C. § 1125(c)(2)(A).

Intel alleges that INTEL is a famous mark based on its contentions, such as:

- "For over forty-five years, Intel has used INTEL® as a trade name, trademark and service mark to identify virtually its entire line of products and services. INTEL® is one of the most valuable, respected and famous names and trademarks in the world. Indeed, in 2015, the INTEL® brand was ranked 14th in the world . . . with an estimated value of over $35 billion. Numerous publications and court and tribunal decisions around the world have recognized the fame and renown of the INTEL® mark." Complaint, ¶ 9; *see also* Second Amended Motion, p. 8 (admitting that the INTEL trademark "is one of the world's best known for technology.").
- "In 2015 alone, Intel sold over $55 billion of INTEL®-branded products and services." Complaint, ¶ 12.

- "Intel is the owner of numerous U.S. trademark registrations for the mark INTEL®." Complaint, ¶ 13.
- "The combined advertising expenditure by Intel and Intel's licensees under the INTEL® mark has averaged over one billion dollars for each of the last few years. Through extensive advertising and promotion by Intel and its licensees, advertisements reflecting the INTEL® mark have most likely created billions of impressions." Complaint, ¶ 14.

The above facts, construed in the light most favorable to Intel, are sufficient to plead the fame of the INTEL mark.

*b.* *<u>Intruity's Adoption of the INTEL mark</u>*

Intel alleges that Intruity began use of the INTEL mark after the INTEL mark became famous. *See, e.g.*, Complaint, ¶¶ 2, 9, 20, 23, 41. Intruity previously admitted that Intel's INTEL mark is famous. Motion, 24:4–13; First Amended Motion, pp. 41–42. Intruity also acknowledges that it was aware of Intel's business and its INTEL mark prior to adopting the AGENCYINTEL mark. Answer, ¶ 27.

*c.* *<u>Dilution</u>*

To determine whether a mark is likely to cause dilution by blurring, the Court may consider factors such as "(i) The degree of similarity between the mark or trade name and the famous mark. (ii) The degree of inherent or acquired distinctiveness of the famous mark. (iii) The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark. (iv) The degree of recognition of the famous mark. (v) Whether the user of the mark or trade name intended to create an association with the

famous mark. (vi) Any actual association between the mark or trade name and the famous mark." 15 U.S.C. § 1125(c)(2)(B).

Intel alleges that Intruity's use of the AGENCYINTEL mark dilutes the famous INTEL mark. *See* Complaint, ¶¶ 2, 42, 45. Intel also alleges facts, as discussed above, regarding the similarity of the INTEL and AGENCYINTEL marks, the strength of the INTEL mark, the extent that INTEL uses its marks, the fame of the INTEL mark, and Intruity's ill intent in adopting the AGENCYINTEL mark. These allegations, taken as true and construed in the light most favorable to Intel, are more than sufficient for Intel's dilution claims to survive Intruity's motion. *See Wyndham Vacation Ownership, Inc. v. Timeshares Direct, Inc.*, No. 6:13-CV-195-ORL-28, 2013 WL 5289734, at *3 (M.D. Fla. Sept. 19, 2013) (allegation that Defendant's use of a mark is likely to cause dilution and "is likely to lessen and has lessened and will continue to lessen the capacity of the [Plaintiffs'] Marks to identify and distinguish the goods and services of Plaintiffs" is sufficient to defeat motion to dismiss for failure to state a claim).

*d.* *<u>Commercial Use</u>*

Intel alleges that Intruity uses the INTEL mark commercially and in commerce:

- "Intruity offers software goods, online services, and software development services under the trademark and trade name AGENCY INTEL." Complaint, ¶ 21.
- "Intruity owns and controls the domain name agencyintel.com." Complaint, ¶ 22; *see also Victoria's Cyber Secret Ltd. P'ship v. V Secret Catalogue, Inc.*, 161 F. Supp. 2d 1339, 1347, 1355 (S.D. Fla. 2001)

(registration of domain names which incorporate a famous mark and which are "intended to be used for commercial gain to advertise, promote and offer for sale goods" through websites constitutes commercial use).

These uses are commercial and in commerce. Intruity concedes that Intel alleges Intruity's use in commerce and that Intruity is using INTEL in commerce. *See* Second Amended Motion, p. 7 (Intel's claims "center on the allegation that the defendant, Intruity Corporation, has infringed Intel Corporation's INTEL trademarks through the use of the mark AGENCYINTEL in association with its sale and support of its single product, an industry specific CRM software."); *see also id.* at p. 21 ("[D]efendant is making, in the strict sense, trademark use of the word 'intel'.").

Based on the above, Intel plausibly set forth its claims for trademark dilution.

**4. Intruity's Arguments Regarding Its Supposed Generic Use of the Term "Intel" and the First Amendment Are Inapposite and Premature**

Intruity devotes a large portion of its memorandum to go outside of the pleadings to assert its supposedly generic use of the term "intel." Putting aside that Intruity's admitted use of INTEL is neither generic nor fair use, the Court cannot and should not consider these contentions on a Rule 12(b)(6) motion to dismiss. *See Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1357 (11th Cir. 2007) (trademark "[d]istinctiveness is a question of fact."); *Autodesk, Inc. v. Dassault Systemes Solidwords Corp.*, 2008 WL 6742224, at *2 (N.D. Cal. Dec. 18, 2008) ("Genericness . . . [is a] question[] of fact, making dismissal under Rule 12(b)(6) inappropriate."); *Metro Sanitation, L.L.C. v. C & R Maintenance, Inc.*, 2005 WL 1861931, at *2 (E.D. Mich. Aug. 4, 2005) ("[W]hether a

name is generic is a question of fact. The issue cannot be decided on a motion to dismiss because the test for genericness requires the court to consider whether the public perceives the term primarily as the designation of the article.") (citations omitted); *Educational Tours, Inc. v. Hemisphere Travel, Inc.*, 2004 WL 887417, at *2 (N.D. Ill. Apr. 26, 2004) (arguments that term was generic "procedurally inappropriate" on motion to dismiss).[4] Accordingly, the Court should decline to address these arguments.

## CONCLUSION

Intel plausibly and sufficiently pleads its claims. It readily meets (and far surpasses) the necessary standard in asserting that Intruity's admitted use of the AGENCYINTEL mark to offer software as a service is likely to infringe and dilute Intel's valuable trademark rights.

Intruity's Second Amended Motion improperly attempts to test the merits of Intel's complaint, not its sufficiency. Its cribbed challenge, like its two prior failed efforts, is misguided, premature, and wasteful of the parties' and the Court's time and resources. Intel respectfully requests that the Court deny Intruity's motion and finally allow this litigation to proceed.[5]

---

[4] Non-fanciful terms may of course, and often do, function as trademarks. S*ee* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 12:3 (4th ed. 2007). Consumers widely recognize such brands as JAGUAR®, SHELL®, APPLE®, COACH®, ORACLE®, CAMEL®, and COLT®, to name a few. This does not mean that third parties are entirely precluded from using these words. However, third parties do not have *carte blanche* to use these words as trademarks, in whole or in part, where their junior use conflicts with the hard-earned rights of a famous mark holder.

[5] Should the Court nonetheless grant Intruity's motion, Intel requests leave to amend its Complaint under Federal Rule of Civil Procedure 15.

Dated: March 31, 2017

Respectfully submitted,

s/ Kathleen M. Wade
Richard E. Fee, Esq.
Florida Bar No. 813680
Email: rfee@feejeffries.com
Kathleen M. Wade, Esq.
Florida Bar No. 127965
Email: kwade@feejeffries.com
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
Telephone: (813) 229-8008
Facsimile: (813) 229-0046

***Local Counsel for Plaintiff***
***Intel Corporation***

Ian K. Boyd (admitted *pro hac vice*)
California Bar No. 191434
Email: iboyd@siskindboyd.com
SISKIND BOYD LLP
4 Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

***Trial Counsel for Plaintiff***
***Intel Corporation***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2017, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF, which will send a notice of electronic filing to the following: Steven K. Teuber, Esq. (steuber@teuberlaw.com), Teuber Law PLLC, 1375 Jackson Street, Suite 201, Fort Myers, FL 33901.

s/ Kathleen M. Wade
Richard E. Fee, Esq.
Florida Bar No. 813680
Email: rfee@feejeffries.com
Kathleen M. Wade, Esq.
Florida Bar No. 127965
Email: kwade@feejeffries.com
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
Telephone: (813) 229-8008
Facsimile: (813) 229-0046

***Local Counsel for Plaintiff***
***Intel Corporation***

Ian K. Boyd (admitted *pro hac vice*)
California Bar No. 191434
E-mail: iboyd@siskindboyd.com
SISKIND BOYD LLP
4 Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

***Trial Counsel for Plaintiff***
***Intel Corporation***